Filed 8/29/13  P. v. Valdez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C069840 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F08919) |
| v. | |
| MOSES VALDEZ, | |
| Defendant and Appellant. | |

In October 2011, defendant Moses Valdez was convicted of evading police officers with willful or wanton disregard for people or property, a non-serious, non-violent felony.  Because of his previous two convictions for voluntary manslaughter, the trial court sentenced him to 25 years to life under the "Three Strikes" law.

Defendant appeals the judgment on three grounds.  First, he contends the court should remand the case for resentencing under recent amendments to the Three Strikes

1

law made by Proposition 36.  Second, he asserts that during his *Romero*[1] hearing the trial court violated his due process rights in addition to abusing its discretion.  Finally, he argues that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment.

Finding no merit in defendant's arguments, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As noted, defendant was previously convicted of two counts of voluntary manslaughter (constituting his first two strikes).  He was 16 years old at the time.  He was subsequently released multiple times but sent back to prison repeatedly for violating parole.  In this case, defendant was convicted of evading a police officer.  In October 2011, before the effective date of Proposition 36, the court sentenced defendant to 25 years to life in prison after declining to strike his two prior felony convictions.  At trial defendant did not object to his sentence as to cruel or unusual punishment.

On December 6, 2011, defendant timely appealed.

DISCUSSION

I

*Overview Of Proposition 36's Amendments To The Three Strikes Law*

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act).  The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment.  Under the original version of the Three Strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence.  The Act diluted the Three Strikes law by reserving the life sentence for cases where the current crime is a

---

[1]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. ([Pen. Code, ]§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the Three Strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

A

*Defendant Is Not Entitled To Resentencing Under Section 1170.12*

Defendant initially argues that under Proposition 36 the case must be remanded for resentencing under Penal Code section 1170.12.[2] He contends he should be sentenced to " 'twice the term otherwise provided as punishment for the current felony conviction' " (§ 1170.12, subd. (c)(1)) because under the current language of section 1170.12 neither his current nor his prior convictions make him eligible for a 25-year-to-life sentence.

Defendant relies on *In re Estrada* (1965) 63 Cal.2d 740 for the proposition that when legislation provides more lenient treatment than its antecedent law and contains no saving clause,[3] "[i]t is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty . . . should apply to every case to which it constitutionally could apply." (*Id.* at p. 745.) Defendant claims that because "[t]he amendments enacted by Proposition 36 reduce punishment[,] . . . those amendments

---

[2]    Undesignated statutory references are to the Penal Code.

[3]    A saving clause is explicit or equivalent language clarifying the Legislature's (or, in this case, the public's) intention for the law to apply only prospectively. (*In re Estrada*, *supra*, 63 Cal.2d at p. 747.)

apply, at a minimum, to all affected prisoners whose convictions were not yet final on the effective date of the statute."

Though it is true that Proposition 36 is ameliorative and contains no express saving clause, defendant's argument lacks merit because Proposition 36 contains the functional equivalent of a saving clause. An express saving clause is not required where a functional equivalent of one exists. (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) " '[W]hat is required is that the Legislature demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.' " (*Ibid.*).

Section 1170.126 provides for the resentencing of "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) A person serving a Three Strikes sentence for a current conviction that is not a serious or violent felony "may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with" Proposition 36. (§ 1170.126, subd. (b).) An inmate is eligible for resentencing unless he has prior convictions for certain specified offenses. (*Id.*, subd. (e).) If the prisoner is eligible, then the trial court will resentence defendant "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (f).) The factors governing the exercise of the trial court's discretion—the prisoner's criminal history, record in prison and any other relevant evidence—are set forth in section 1170.126, subdivision (g).

4

Because Proposition 36 provides for limited application to prisoners serving Three Strikes sentences when the measure was enacted, the presumption in *Estrada* does not apply as to them; it applies only to those people not yet convicted or not yet sentenced. Those already sentenced and serving an indeterminate term of imprisonment must petition the trial court for a recall of sentence regardless of whether or not their judgment is final. In other words, section 1170.126 demonstrates with sufficient clarity the Legislature's intention to extend new leniency to certain defendants and not others (e.g., those in defendant's situation).

Defendant argues that section 1170.126 subdivision (b) "expressly authorizes retroactive application of amended sections 667 and 1170.12." He misconstrues the statute, however. Section 1170.126 does contemplate resentencing for defendants serving indeterminate sentences for crimes that would be ineligible for such sentences today "in accordance with the provisions" of sections 667 and 1170.12 as amended by Proposition 36 (§ 1170.126, subd. (b)); however, the statute expressly requires that the defendant first petition the trial court. Here, defendant has made no such petition and cannot be resentenced under sections 667 or 1170.12.

Defendant further argues that subdivision (k) of section 1170.126, which states that "[n]othing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant," includes the right to be sentenced under sections 667 and 1170.12 in light of *Estrada*. He asserts that any other reading of subdivision (k) would make it superfluous. We disagree for two reasons.

First, subdivision (k) of section 1170.126 cannot refer to any rights read into the statute based on *Estrada* because *Estrada* does not apply. As discussed above, *Estrada* only applies where a statute is ameliorative and contains no saving clause. (*In re Estrada*, *supra*, 63 Cal.2d at p. 748.) The statute here contains the equivalent of a savings clause. Thus, *Estrada* does not apply and no right to leniency obtains to begin with.

5

Second, we note that subdivision (k) of section 1170.126 is not made superfluous under our interpretation; it simply confirms that the resentencing provision is not intended to prevent defendants from pursuing other substantive or procedural challenges to their Three Strikes conviction, whether by direct appeal or petition for writ of habeas corpus.

For the foregoing reasons, we conclude that defendant has no right to resentencing under sections 667 and 1170.12, but may only petition for recall under section 1170.126.

B

*Restricting Defendant To A Section 1170.126 Petition Does Not Violate The Equal Protection Clause*

Defendant argues that not remanding his case to the trial court for resentencing under sections 667 and 1170.12 violates the equal protection clause of the federal Constitution. He contends that those who were sentenced before November 7, 2012, but whose judgments are not final, are similarly situated to those sentenced after November 7, 2012. This similarity, he asserts, gives rise to a constitutional right to equal treatment. His argument lacks merit.

"Prisoners are not a suspect class. The status of being incarcerated is neither an immutable characteristic nor an invidious basis of classification." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 178.) Laws applicable to prisoners require only a rational basis. (*Ibid.*) Our Supreme Court has held that " 'the ability to elect to be sentenced under a law enacted after the date of the commission of a crime is not a constitutional right but a benefit conferred solely by statute. It is not unconstitutional for the legislature to confer such benefit only prospectively, neither is it unconstitutional for the legislature to specify "a classification between groups differently situated, so long as a reasonable basis for the distinction exists." ' " (*People v. Floyd* (2003) 31 Cal.4th 179, 189-190.)

6

Here, the State of California has rationally decided to treat those sentenced after the implementation date of Proposition 36 differently from those in defendant's situation in the interest of judicial economy. Defendant cites no case where a court has held that equal protection requires application of amended sentencing to both pre- and post-amendment defendants. For these reasons we conclude that restricting defendant to a section 1170.126 petition does not violate equal protection.

II

*The Romero Motion*

In *Romero* the California Supreme Court held that trial courts have discretion under section 1385 to dismiss a strike prior in the furtherance of justice and that the exercise of that discretion can be reviewed by the appellate court for abuse of discretion. (*Romero*, *supra*, 13 Cal.4th at p. 530.)

Here, the trial court refused to strike either of defendant's strikes. Defendant makes two arguments as to why that was an abuse of discretion. First, he argues the trial court was unaware of its ability to strike his priors, in violation of due process. Second, he argues in the event the court was aware of that discretion, it exercised the discretion irrationally. Both arguments lack merit.

As to the first argument, defendant contends that "the trial court cited *Sykes v. United States* (2011) __ U.S. __ [180 L.Ed.2d 60] for the proposition that [defendant's] current offense, evading an officer in violation of Vehicle Code section 2800.2, is a violent felony for sentencing purposes." In support of his contention defendant cites the following statement by the trial court: "One of the things that I think about, and I remember seeing that this summer, actually made a point when I saw the case come down from the Supreme Court of the United States, I thought of you: [¶] Fleeing the police by car is a violent felony. The Supreme Court ruled . . . in a case called Sykes versus United States." Defendant claims that the court's reference to *Sykes* affirmatively demonstrates a lack of awareness concerning the court's ability to strike defendant's prior convictions

7

and a misunderstanding of California law amounting to a due process violation. Defendant mischaracterizes the record.

After referencing *Sykes*, the court went on to state, "I didn't look at [*Sykes*] necessarily in relation to you, but I was just thinking about what happened here." This reference to *Sykes*, which was both solitary and brief, does not support the assertion that the court believed that *Sykes* "tied the court's hands in terms of assessing the seriousness of the present offense." In fact, the record demonstrates otherwise. The court expressed several times its awareness of its discretion, at one point stating, "[a]fter consideration of the constitutional rights of the Defendant and the interest of society and the fair prosecution of the crimes properly alleged, I have determined that I can't exercise *my discretion* under Penal Code 1385." (Italics added.) On this record, defendant's due process argument premised on the court's alleged unawareness of its discretion to strike a strike lacks merit.

As to the second argument, defendant's contention amounts to a simple disagreement as to the conclusion the trial court drew from the facts. The standard for abuse of discretion is not reasonable disagreement, however, but rather manifest irrationality or arbitrariness. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Because, as we explain, the trial court's conclusion not to grant the *Romero* motion was not manifestly irrational or arbitrary, this court does not have the power to reverse the judgment of the trial court.

Defendant's strikes were for voluntary manslaughter. Because of these convictions and multiple subsequent parole violations leading him back to prison repeatedly, defendant's history was not a factor weighing in favor of granting the *Romero* motion. The trial court's statement that the prior convictions were "a bit old" was properly offset by the fact that defendant was unable to stay out of trouble for very long whenever he was released on parole.

8

Moreover, the facts surrounding the current case gave the court adequate reason to question whether it would be in the interest of justice to strike defendant's prior convictions.

Notwithstanding the above considerations, defendant asserts that the court failed to consider certain facts that it *must* consider in making its determination, including defendant's youth at the time he committed the prior crimes, the "positive actions" he took in debriefing from his gang while in prison, and the length of the sentence that could have been imposed if one of the priors was stricken. He bases his argument on the premise that the "decision to strike a prior is to be an individualized one based on the particular aspects of the current offenses for which the defendant has been convicted and on the defendant's own history and personal circumstances."

Contrary to defendant's argument, the record indicates that the court thoroughly considered each aspect of the motion, going as far as to state, "[t]he sentence that I am mandated to make if I deny this motion is 25-years-to-life, and I don't relish that. This is the hardest part of my job, and I have spent sleepless nights over that." On this record, the trial court did not abuse its discretion in denying defendant's *Romero* motion.

## III

### *Defendant Forfeited His Eighth Amendment Objection*

Defendant contends his sentence "constitutes cruel and unusual punishment under the federal [C]onstitution." Defendant argues that his failure to raise this objection at trial should not result in forfeiture because the record generated during the *Romero* motion provides the facts necessary for review. The People counter that a *Romero* motion and a cruel and unusual punishment challenge have different aims and require inquiry into different facts. These differences mean the two motions cannot be construed as equivalent for the purpose of review. We agree with the People.

9

"[I]t is elementary that [a] defendant waive[s] [an argument based on his Eighth Amendment right to be free from cruel and unusual punishment] by failing to articulate an objection on federal constitutional grounds below." (*People v. Burgener* (2003) 29 Cal.4th 833, 886.)  Contrary to what defendant asserts, a cruel and unusual punishment objection is not "less dependent on the particular facts" than a *Romero* motion.  For example, it requires proportionality comparisons of punishments for the same crime between jurisdictions and within California between similar crimes. (*Harmelin v. Mich.* (1991) 501 U.S. 957, 1004 [115 L.Ed.2d 836]; *In re Reed* (1983) 33 Cal.3d 914, 923.)  Such inquiries give rise to specific questions best investigated at the trial level that are not necessarily investigated in a section 1385 motion.  Accordingly, defendant's contention is forfeited.

DISPOSITION

The judgment is affirmed.


      ROBIE     , J.


We concur:


     NICHOLSON   , Acting P. J.


     HOCH     , J.

10